Jason A. Davis (Calif. Bar No. 224250)
Davis & Associates
27281 Las Ramblas, Suite 200
Mission Viejo, CA 92691
Tel 949.310.0817/Fax 949.288.6894
E-Mail: Jason@CalGunLawyers.com

FILED
09 OCT 14 PM 2:57
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

SAMUEL PATRICK WOLANYK, an individual,

       Plaintiff,

vs.

CITY OF SAN DIEGO, a municipal entity, WILLIAM LANSDOWNE, an individual, DAVID KRIES, an individual, JODY KNISELY, an individual, TROY WHITE, an individual, and Does 1-10, inclusive,

       Defendants.

Case No: '09 CV 2279 WQH NLS

COMPLAINT, REQUEST FOR RELIEF AND DEMAND FOR JURY TRIAL

42 U.S.C. §§ 1983, 1988



## COMPLAINT

COME NOW Plaintiff, Samuel Patrick Wolanyk, by and through their undersigned counsel, and complain of Defendants as follows:

///

## THE PARTIES

1. Plaintiff Samuel Patrick Wolanyk is a natural person and a citizen and resident of the City of San Diego, State of California, and a citizen of the United States of America.

2. Defendant City of San Diego is, at all times relevant, a municipality duly organized under the laws of the State of California. At all relevant times, the San Diego Police Department was a branch or agency of the City.

3. Defendant William Lansdowne is the Chief of Police for the City of San Diego, and as such, he is responsible for formulating, executing, and administering the City of San Diego's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs, and practices against plaintiff, and is in fact presently enforcing the challenged laws, customs, and practices against Plaintiff. Defendant Lansdowne is sued in both his individual and official capacities.

4. Defendant Sergeant David Kries, is a Sergeant for the City of San Diego's Police Department – Badge No. 4222, and as such, he is responsible for executing and administering the City of San Diego's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs, and practices against plaintiff, and is in fact presently enforcing the challenged laws, customs, and practices against plaintiff. Defendant Kries is sued in both his individual and official capacities.

5. Defendant Troy White, is an officer for the City of San Diego's Police Department – Badge No. 5988, and as such, he is responsible for executing and administering the City of San Diego's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs, and practices against plaintiff, and is in fact presently enforcing the challenged laws, customs, and practices against plaintiff. Defendant White is sued in both his individual and official capacities.

6. Defendant Jody Knisley, is an officer for the City of San Diego's Police Department – Badge No. 6489, and as such, he is responsible for executing and administering the City of San Diego's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs, and practices against plaintiff, and is in fact presently enforcing

the challenged laws, customs, and practices against plaintiff. Defendant Knisley is sued in both his individual and official capacities.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

8. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

9. Plaintiff is a supporter of the Second Amendment and actively participates in speech and expressive conduct intended to lawfully support his Second Amendment right to keep and bear arms.

10. On November 21, 2008, Plaintiff arrived at 700 Ventura Place to have breakfast with a friend.

11. Upon arrival, Plaintiff holstered an unloaded handgun in such a manner that the firearm was not concealed and was plainly visible – a lawful activity.

12. Soon after, Defendants Knisley and White responded to a report of a person carrying an exposed handgun in a holster.

13. Upon arrival, Defendants Knisley and White observed Plaintiff standing in a parking lot with an exposed and unloaded handgun securely holstered.

14. Defendants Knisley and White exited their vehicle and drew their department issued handguns, aimed them at Plaintiff, and shouted orders at Plaintiff to put his hands in the air and turn around.

15. Plaintiff complied without incident.

16. Defendants Knisley and White then ordered Plaintiff to get on his knees and place his hands on the back of his head.

17. Plaintiff complied by getting on his knees in the middle of a parking lot and placing his hands on the back of his head without incident.

18. Defendant Knisley placed Plaintiff in handcuffs in such a manner that Plaintiff's hands became numb and began to swell.

19. With their guns still drawn and aimed at Plaintiff, Defendants Knisley and White disarmed Plaintiff by removing the handgun from Plaintiff's holster and observed that the firearm did *not* have a magazine in the magazine well, and there was *not* a round in the chamber.

20. Defendants repeatedly asked Plaintiff *why* he was exercising his right to carry a firearm and invasively searched Plaintiff's person.

21. While Plaintiff was detained on location, Defendant Kries arrived and conferred with Defendants Knisley and White.

22. After Defendants conferred, Defendant Kries informed Plaintiff that he was unlawfully "carrying a concealable weapon without a permit."

23. No such crime exists in the State of California or the City of San Diego.

24. Defendants arrested Plaintiff and transported him to San Diego Police Headquarters located at 1401 Broadway Avenue, San Diego, CA 92101 for processing.

25. While at the City of San Diego's Police Department Headquarters, Defendant Knisley revised Defendant Kries' allegation, and alleged that Plaintiff was unlawfully carrying a loaded firearm pursuant to Penal Code section 12031 subdivision (g), which states that "A firearm shall be deemed to be loaded . . . when there is an unexpended cartridge . . . in, or attached in any manner to, *the firearm*, including, but not limited to, in the firing chamber, *magazine, or clip thereof attached to the firearm* . . . ." (Emphasis added.)

26. Defendants were either inadequately trained and instructed as to the definition of "loaded," or ignored the longstanding interpretation of the Penal Code section 12031 subsection (g) term "loaded" in *People v. Clark*, 45 Cal. App. 4th 1147 (1996), which held that the only reasonable interpretation of the term "loaded" was the common sense meaning of the term – i.e. when a shell or cartridge has been placed into a position from which it can be fired.

27. Defendants alleged the firearm was loaded because it had ammunition attached to it via the following attenuated manner akin to *six degrees of separation*: 1) Plaintiff was in possession of ammunition; 2) Said ammunition was loaded in magazines; 3) Said magazines were inserted into magazine holsters; 4) Said magazine holsters were attached to Plaintiff's belt; 5) Said belt had attached to it Plaintiff's firearm holster; and 6) Said firearm holster held the

unloaded handgun.

28. Defendants' failure to train, instruct, and comply with the longstanding interpretation of the term "loaded" amounts to deliberate indifference to the rights of persons with whom the police come into contact, including Plaintiff.

29. At City of San Diego's Police Department Headquarters, Plaintiff remained handcuffed while Defendants searched for a legal basis to book Plaintiff.

30. After bringing Plaintiff to the City of San Diego's Police Department Headquarters and holding him in handcuffs, Defendant Knisley stated that they "got clarification" and would not pursue action against Plaintiff.

31. Defendant Knisley escorted Plaintiff to a patrol car, where Defendant Knisley finally removed the handcuffs and drove Plaintiff to 700 Ventura Place where Plaintiff was released after two hours of unwillingly being grabbed, handcuffed, disarmed, detained, arrested, and his person and property seized and transported to the City of San Diego's Police Department Headquarters.

32. Plaintiff never consented to having his being grabbed, handcuffed, disarmed, detained, arrested, and his person and property seized and transported to the City of San Diego's Police Department Headquarters.

33. Defendants had no reason for seizing Plaintiff other than the fact that he was lawfully carrying a weapon in a public place. Because California law allows individuals to openly carry weapons in public—and Plaintiff had done nothing to arouse suspicion, create tumult or endanger anyone's well-being—there were no articulable facts to indicate either criminal activity or a threat to safety.

34. At no time during the incident did any Defendant reasonably believe that Plaintiff was violating any law of the United States, the State of California, or the City of San Diego.

35. Defendants have and continue to engage in a pattern and practice of violating the Constitutional rights of those who celebrate the right to keep and bear arms guaranteed by the Second Amendment through speech and expressive conduct, including Plaintiff and other members of the open carry movement.

36. At all times material hereto, Defendants were acting under the color of state law.

37. At all times material hereto, the officers were acting as police officers for the City of San Diego.

38. At all times material hereto, Defendants were acting in concert with each other.

## COUNT I
### Unreasonable Search and Seizure
### Brought under 42 U.S.C. §1983

39. Paragraphs 1 through 38 are incorporated as though fully stated herein.

40. During the encounter with Plaintiff, Defendants never had a reasonable belief that Plaintiff was engaged in criminal activity, that Plaintiff had committed a crime, or that Plaintiff was about to commit a crime.

41. During the encounter with Plaintiff, Defendants seized Plaintiff, handcuffed him, disarmed him, harassed him, transported him to the City of San Diego's Police Headquarters, and then returned him back to the location of his seizure.

42. During the encounter with Plaintiff, Defendants searched Plaintiff without reasonable suspicion of a crime having taken place and without probable cause to justify the search or seizure.

43. Defendants' actions during the encounter violated Plaintiff's rights protected by the United States Constitution, including the First, Fourth, and Fourteenth Amendments.

44. Defendants' actions during the encounter violated Plaintiff's rights protected by Article 1, Sections 1, 2, and 13 of the California Constitution.

45. As a direct and proximate result of Defendants' actions, Plaintiff has suffered compensable damages in an amount to be determined at trial.

## PRAYER

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

1. An order permanently enjoining defendants, their officers, agents, servants employees, and all persons in active concert or participation with them who receive actual notice of the

injunction, from detaining anyone for carrying a firearm in plain view, absent reasonable articulable suspicion or probable cause that a crime has occurred or is about to occur;

2. An order compelling defendants, to train and instruct their officers, agents, servants employees, and all persons in active concert or participation with them as to both the terms of any injunction issued as a result of this case and as to the legal definition of the term "loaded" as it applies to California Penal Code section 12031.

3. Declaratory relief consistent with the injunction, including a declaration that Defendants violated Plaintiff's Constitutional rights, including his First, Fourth, and Fourteenth Amendment rights, by detaining him and seizing his person and his firearm without probable cause to believe that his firearm was contraband or evidence of any crime;

4. Award Plaintiff compensatory and incidental damages for Defendants' false arrest of Plaintiff and seizing of Plaintiff's property;

5. Award Plaintiff punitive damages to protect the peaceable exercise and enjoyment of the right or rights secured;

6. Award Plaintiff costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988; and

7. Any other further relief as the Court deems just and appropriate to protect the peaceable exercise or enjoyment of the right or rights secured.

Date: October 14, 2009                Respectfully submitted,

Jason A. Davis (Calif. Bar No. 224250)
Davis & Associates
27281 Las Ramblas, Suite 200
Mission Viejo, CA 92691
Tel: 949.310.0817/Fax: 949.288.6894
E-Mail: Jason@CalGunLawyers.com

By: _____
Jason A. Davis,
Attorneys for Plaintiff

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Samuel Patrick Wolanyk

## DEFENDANTS
City of San Diego, a municipal entity, William Lansdowne, David Kries, Jody Knisely, Troy White, and Does 1-10, inclusive.

(b) County of Residence of First Listed Plaintiff: San Diego County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jason A. Davis, Davis & Associates, 27281 Las Ramblas, Suite 200, Mission Viejo, CA 92691, Tel 949.310.0817/Fax 949.288.6894

Attorneys (If Known)

'09 CV 2279 WQH NLS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §§ 1983, 1988

Brief description of cause:
Defendants Violated Plaintiff's Constitutional Rights In Unlawfully Searching and Seizing His Person and Property.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 10/14/2009
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 6261  AMOUNT 350.00  APPLYING IFP  JUDGE  MAG. JUDGE

MS 10/14/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS006261
Cashier ID: msweaney
Transaction Date: 10/14/2009
Payer Name: SAN DIEGO LEGAL SUPPORT SVCS
----------------------------------
CIVIL FILING FEE
 For: WOLANYK V CITY OF SD
 Case/Party: D-CAS-3-09-CV-002279-001
 Amount:      $350.00
----------------------------------
CHECK
 Check/Money Order Num: 83215
 Amt Tendered:  $350.00
----------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00


There will be a fee of $45.00
charged for any returned check.
```