Jason A. Davis (Calif. Bar No. 224250)
Davis & Associates
27281 Las Ramblas, Suite 200
Mission Viejo, CA 92691
Tel 949.310.0817/Fax 949.288.6894
E-Mail: Jason@CalGunLawyers.com

FILED
2009 NOV 16  PM 3:57
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

NUNC PRO TUNC
NOV 13 2009

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA



| | |
|---|---|
| SAMUEL PATRICK WOLANYK, an individual,<br><br>    Plaintiff,<br>vs.<br><br>CITY OF SAN DIEGO, a municipal entity, SAN DIEGO POLICE DEPARTMENT, WILLIAM LANSDOWNE, an individual, DAVID KRIES, an individual, JODY KNISELY, an individual, TROY WHITE, an individual, and Does 1-10, inclusive,<br><br>    Defendants. | Case No: 3:09-cv-02279-WQH-NLS<br><br>**FIRST AMENDED COMPLAINT, REQUEST FOR RELIEF, AND DEMAND FOR JURY TRIAL**<br><br>42 U.S.C. §§ 1983, 1988 |

## COMPLAINT

COME NOW Plaintiff, Samuel Patrick Wolanyk, by and through their undersigned counsel, and complain of Defendants as follows:

# THE PARTIES

1. Plaintiff Samuel Patrick Wolanyk is a natural person and a citizen and resident of the City of San Diego, State of California, and a citizen of the United States of America.

2. Defendant City of San Diego is, at all times relevant, a municipality duly organized under the laws of the State of California. At all relevant times, the Defendant San Diego Police Department was a branch or agency of the City.

3. Defendant San Diego Police Department Defendant William Lansdowne is the Chief of Police for the City of San Diego, and as such, he is responsible for formulating, executing, and administering the City of San Diego's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs, and practices against plaintiff, and is in fact presently enforcing the challenged laws, customs, and practices against Plaintiff. Defendant Lansdowne is sued in both his individual and official capacities.

4. Defendant Sergeant David Kries, is a Sergeant for the City of San Diego's Police Department – Badge No. 4222, and as such, he is responsible for executing and administering the City of San Diego's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs, and practices against plaintiff, and is in fact presently enforcing the challenged laws, customs, and practices against plaintiff. Defendant Kries is sued in both his individual and official capacities.

5. Defendant Troy White, is an officer for the City of San Diego's Police Department – Badge No. 5988, and as such, he is responsible for executing and administering the City of San Diego's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs, and practices against plaintiff, and is in fact presently enforcing the challenged laws, customs, and practices against plaintiff. Defendant White is sued in both his individual and official capacities.

6. Defendant Jody Knisley, is an officer for the City of San Diego's Police Department – Badge No. 6489, and as such, he is responsible for executing and administering the City of San Diego's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs, and practices against plaintiff, and is in fact presently enforcing

the challenged laws, customs, and practices against plaintiff. Defendant Knisley is sued in both his individual and official capacities.

7. These Defendants, and DOES 1-10, were agents, servants and employees of each other, of the other named Defendants, and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer and each of the other named Defendants and each of the Defendants had approved or ratified the actions of the other Defendants thereby making the currently named defendants herein liable for the acts and/or omissions of their agents, servants and/or employees.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

9. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

10. Plaintiff is a supporter of the Second Amendment and actively participates in speech and expressive conduct intended to lawfully support his Second Amendment right to keep and bear arms.

11. On November 21, 2008, Plaintiff arrived at 700 Ventura Place to have breakfast with a friend.

12. Upon arrival, Plaintiff holstered an unloaded handgun in such a manner that the firearm was not concealed and was plainly visible – a lawful activity.

13. Soon after, Defendants Knisley and White responded to a report of a person carrying an exposed handgun in a holster.

14. Upon arrival, Defendants Knisley and White observed Plaintiff standing in a parking lot with an exposed and unloaded handgun securely holstered.

15. Defendants Knisley and White exited their vehicle and drew their department issued handguns, aimed them at Plaintiff, and shouted orders at Plaintiff to put his hands in the air and turn around.

16. Plaintiff complied without incident.

17. Defendants Knisley and White then ordered Plaintiff to get on his knees in the middle of the parking lot and place his hands on the back of his head.

18. Plaintiff complied without incident.

19. Defendant Knisley placed Plaintiff in handcuffs in such a manner that Plaintiff's hands became numb and began to swell.

20. With their guns still drawn and aimed at Plaintiff, Defendants Knisley and White disarmed Plaintiff by removing the handgun from Plaintiff's holster and observed that the firearm did *not* have a magazine in the magazine well, and there was *not* a round in the chamber.

21. Defendants interrogated Plaintiff and repeatedly asked Plaintiff *why* he was exercising his right to carry a firearm and invasively searched Plaintiff's person.

22. While Plaintiff was detained on location, Defendant Kries arrived and conferred with Defendants Knisley and White.

23. After Defendants conferred, Defendant Kries informed Plaintiff that he was unlawfully "carrying a concealable weapon without a permit."

24. No such crime exists in the State of California or the City of San Diego.

25. Defendants arrested Plaintiff and transported him to San Diego Police Headquarters located at 1401 Broadway Avenue, San Diego, CA 92101 for processing.

26. While at the City of San Diego's Police Department Headquarters, Defendant Knisley revised Defendant Kries' allegation, and alleged that Plaintiff was unlawfully carrying a *loaded* firearm pursuant to Penal Code section 12031 subdivision (g), which states that "A firearm shall be deemed to be loaded . . . when there is an unexpended cartridge . . . in, or attached in any manner to, *the firearm*, including, but not limited to, in the firing chamber, *magazine, or clip thereof attached to the firearm* . . ." (Emphasis added.)

27. Defendants were either inadequately trained and instructed as to the definition of "loaded," or ignored the longstanding interpretation of the Penal Code section 12031 subsection (g) term "loaded" in *People v. Clark*, 45 Cal. App. 4th 1147 (1996), which held that the only reasonable interpretation of the term "loaded" was the common sense meaning of the term –

i.e. when a shell or cartridge has been placed into a position from which it can be fired.

28. Defendants alleged the firearm was loaded because it had ammunition attached to it via the following attenuated manner akin to *six degrees of separation*: 1) Plaintiff was in possession of ammunition; 2) Said ammunition was loaded in magazines; 3) Said magazines were inserted into magazine holsters; 4) Said magazine holsters were attached to Plaintiff's belt; 5) Said belt had attached to it Plaintiff's firearm holster; and 6) Said firearm holster held the unloaded handgun.

29. Defendants' failure to train, instruct, and comply with the longstanding interpretation of the term "loaded" amounts to deliberate indifference to the rights of persons with whom the police come into contact, including Plaintiff.

30. At City of San Diego's Police Department Headquarters, Plaintiff remained handcuffed while Defendants searched for a legal basis to book Plaintiff.

31. After bringing Plaintiff to the City of San Diego's Police Department Headquarters and holding him in handcuffs, Defendant Knisley stated that they "got clarification" and would not pursue action against Plaintiff any further.

32. Defendant Knisley escorted Plaintiff to a patrol car, where Defendant Knisley finally removed the handcuffs and drove Plaintiff to 700 Ventura Place where Plaintiff was released after two hours of unwillingly and unlawfully being grabbed, handcuffed, disarmed, detained, arrested, and his person and property seized and transported to the City of San Diego's Police Department Headquarters.

33. Plaintiff never consented to having his being grabbed, handcuffed, disarmed, detained, arrested, and his person and property seized and transported to the City of San Diego's Police Department Headquarters.

34. Defendants had no search warrant authorizing them to search Plaintiff's person.

35. Defendants had no reason for seizing Plaintiff other than the fact that he was lawfully carrying a weapon in a public place. Because California law allows individuals to openly carry weapons in public—and Plaintiff had done nothing to arouse suspicion, create tumult or endanger anyone's well-being—there were no articulable facts to indicate either criminal

activity or a threat to safety.

36. At no time during the incident did any Defendant reasonably believe that Plaintiff was violating any law of the United States, the State of California, or the City of San Diego.

37. Defendants have and continue to engage in a pattern and practice of violating the Constitutional rights of those who celebrate the right to keep and bear arms guaranteed by the Second Amendment through speech and expressive conduct, including Plaintiff and other members of the open carry movement.

38. At all times material hereto, Defendants were acting under the color of state law.

39. At all times material hereto, the officers were acting as police officers for the San Diego Police Department and the City of San Diego.

40. At all times material hereto, Defendants were acting in concert with each other.

## COUNT I
### Unlawful Arrest and Unreasonable Search and Seizure
### Brought under 42 U.S.C. §1983

41. Paragraphs 1 through 40 are incorporated as though fully stated herein.

42. At all times on that evening, Plaintiff acted in accordance with all firearm statutes and ordinances.

43. At no time did Defendants attempt to make a reasonable inquiry as to whether Defendant's firearm was unloaded.

44. During the encounter with Plaintiff, Defendants never had a reasonable belief that Plaintiff was engaged in criminal activity, that Plaintiff had committed a crime, or that Plaintiff was about to commit a crime.

45. During the encounter with Plaintiff, and without probable cause, Defendants seized Plaintiff, searched Plaintiff, handcuffed him, disarmed him, harassed him, transported him to the City of San Diego's Police Headquarters, and then returned him back to the location of his seizure.

46. During the encounter with Plaintiff, Defendants searched Plaintiff without reasonable suspicion of a crime having taken place and without probable cause to justify the search or

seizure.

47. Defendants' actions during the encounter violated Plaintiff's rights protected by the United States Constitution, including the First, Fourth, Eighth, and Fourteenth Amendments.

48. Defendants' actions during the encounter violated Plaintiff's rights, including those protected by Article 1, Sections 1, 2, and 13 of the California Constitution.

49. As a direct and proximate result of Defendants' actions, Plaintiff has suffered compensable damages in an amount to be determined at trial.

## COUNT III
### Failure to Properly Train & Supervise
### Brought under 42 U.S.C. §1983

50. Paragraphs 1 through 49 are incorporated as though fully stated herein.

51. Defendants, as a matter of custom, practice, and policy failed to maintain adequate and proper training for police officers in the department necessary to educate the officers as to the Constitutional rights of arrestees, to prevent the consistent and systematic use of excessive force by arresting officers, and to prevent the excessive force and extra judicial punishment of potential arrestees by officers.

52. Defendants failed to provide adequate training to police officers that hold the power, authority, insignia, equipment and arms entrusted to them.

53. Defendants failed to promulgate and enforce adequate policies and procedures related to alternatives to verifying whether a firearm carried openly is unloaded.

54. Said custom, practice, and policy included a failure to adequately investigate, supervise, and discipline offending officers, which fostered the custom, practice, and policy within the San Diego Police Department, which resulted in the above pled facts.

55. Therefore, these Defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

56. The failure to promulgate or maintain constitutionally adequate policies regarding training was done with deliberate indifference to the right of Plaintiff and others in his position.

57. The lack of adequate training as to the officers in this case caused Plaintiff's damages.

PRAYER

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

1. An order permanently enjoining defendants, their officers, agents, servants employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from detaining anyone for carrying a firearm in plain view, absent reasonable articulable suspicion or probable cause that a crime has occurred or is about to occur;
2. An order compelling Defendants, to train and instruct their officers, agents, servants employees, and all persons in active concert or participation with them as to both the terms of any injunction issued as a result of this case and as to the legal definition of the term "loaded" as it applies to California Penal Code section 12031.
3. Declaratory relief consistent with the injunction, including a declaration that Defendants violated Plaintiff's Constitutional rights, including his First, Fourth, Eighth, and Fourteenth Amendment rights, by detaining him and seizing his person and his firearm without probable cause to believe that his firearm was contraband or evidence of any crime;
4. Award Plaintiff compensatory and incidental damages for Defendants' false arrest of Plaintiff and seizing of Plaintiff's property;
5. Award Plaintiff punitive damages to protect the peaceable exercise and enjoyment of the right or rights secured;
6. Award Plaintiff costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988; and
7. Any other further relief as the Court deems just and appropriate to protect the peaceable exercise or enjoyment of the right or rights secured.

Date: November 13, 2009                Respectfully submitted,

                                       Jason A. Davis (Calif. Bar No. 224250)
                                       Davis & Associates
                                       27281 Las Ramblas, Suite 200
                                       Mission Viejo, CA 92691

| | |
|---|---|
| 1 | |
| 2 | Tel: 949.310.0817/Fax: 949.288.6894 |
| 3 | E-Mail: Jason@CalGunLawyers.com |
| 4 | By: _____ |
| 5 | Jason A. Davis, |
| 6 | Attorneys for Plaintiff |