JAN I. GOLDSMITH, City Attorney
DONALD WORLEY, Assistant City Attorney
JANE M. BOARDMAN, Deputy City Attorney
California State Bar No. 241799
Office of the City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
Telephone: (619) 533-5800
Facsimile: (619) 533-5856

Attorneys for Defendants City of San Diego, San Diego Police Department, Police Chief William Lansdowne, Sgt. David Kries and Police Officer Troy White

Exempt from fees per Gov't Code § 6103
To the benefit of the City of San Diego

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL PATRICK WOLANYK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, a municipal entity, SAN DIEGO POLICE DEPARTMENT, WILLIAM LANSDOWNE, an individual, DAVID KRIES, an individual, JODY KNISELY, an individual, TROY WHITE, an individual, and Does 1-10, inclusive,<br><br>Defendants. | Case No. 3:09-cv-02279-WQH-NLS<br><br>**ANSWER OF DEFENDANTS CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, POLICE CHIEF WILLIAM LANSDOWNE, SGT. DAVID KRIES and POLICE OFFICER TROY WHITE TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Courtroom 4, Fourth Floor<br>Magistrate Judge: Hon. Nita L. Stormes<br>Judge: Hon. William Q. Hayes |

Pursuant to Federal Rule of Civil Procedure 38(b), the CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, POLICE CHIEF WILLIAM LANSDOWNE, SERGEANT DAVID KRIES, and POLICE OFFICER TROY WHITE, ("Defendants"), hereby demand trial by jury for all issues, and answer Plaintiff's Complaint as follows:

/ / /

/ / /

/ / /

/ / /

## THE PARTIES

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 1, and therefore deny the allegations therein.
2. Defendants admit the allegations set forth in paragraph 2.
3. Defendant Police Chief William Lansdowne admits that he is the Chief of Police of the San Diego Police Department, however denies the remaining allegations set forth in paragraph 3.
4. Defendant Sergeant David Kries admits that he is employed as a police officer for the San Diego Police Department, however denies the remaining allegations set forth in paragraph 4.
5. Defendant Troy White admits that he is employed as a police officer for the San Diego Police Department, however denies the remaining allegations set forth in paragraph 5.
6. Defendants deny that Defendant Jody Knisley is employed as a police officer for the San Diego Police Department. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 6, and therefore deny the allegations therein.
7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 7, and therefore deny the allegations therein.

## JURISDICTION AND VENUE

8. Defendants admit this Court has jurisdiction.
9. Defendants admit this Court has venue.

## STATEMENT OF FACTS

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 10, and therefore deny the allegations therein.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 11, and therefore deny the allegations therein.
12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 12, and therefore deny the allegations therein.
13. Defendants admit that Defendants Knisley and White responded to a radio call of a man carrying a gun in a holster.
14. Defendants admit that when Defendant White arrived he observed Plaintiff wearing a gun in a holster. Defendants deny that Defendant White knew the gun was unloaded upon arrival at Plaintiff's location. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 14 with regard to Defendant Knisley, and therefore deny the allegations therein.
15. Defendants admit that Defendant White exited his patrol vehicle, drew his weapon and ordered Plaintiff to put his hands up. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 15 with regard to Defendant Knisley, and therefore deny the allegations therein.
16. Defendants admit that eventually Plaintiff complied with their orders.
17. Defendants admit that Plaintiff was ordered to get on his knees and put his hands on the back of his head. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 17 with regard to Defendant Knisley, and therefore deny the allegations therein.
18. Defendants admit the allegations set forth in paragraph 18.
19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 19 with regard to Defendant Knisley, and therefore deny the allegations therein.

20. Defendants admit that Defendant White's weapon remained out to cover Defendant Knisley while Defendant Knisley holstered his weapon and handcuffed Plaintiff and removed Plaintiff's gun from the holster. Defendants admit that Plaintiff's gun did not have a magazine in it, nor did it have a bullet in the chamber.

21. Defendants admit that Plaintiff was asked why he was carrying a gun. Defendants deny the remaining averments set forth in paragraph 21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 20 with regard to Defendant Knisley, and therefore deny the allegations therein.

22. Defendants admit the allegations set forth in paragraph 22.

23. Defendants deny the allegations set forth in paragraph 23.

24. The allegations set forth in paragraph 24 constitute conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

25. Defendants admit that Defendant Knisley detained Plaintiff. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 25 with regard to Defendant Knisley, and therefore deny the allegations therein.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 26 with regard to Defendant Knisley, and therefore deny the allegations therein.

27. Defendants deny that they were inadequately trained or instructed. The remaining allegations set forth in paragraph 27 constitute conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 28, and therefore deny the allegations therein.

29. Defendants deny the allegations set forth in paragraph 29.

30. Defendants deny the allegations set forth in paragraph 30.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 31, and therefore deny the allegations therein.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 32, and therefore deny the allegations therein.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 33, and therefore deny the allegations therein.

34. Defendants admit the allegations set forth in paragraph 34.

35. Defendants deny the allegations set forth in paragraph 35.

36. Defendants deny the allegations set forth in paragraph 36.

37. Defendants deny the allegations set forth in paragraph 37.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 38, and therefore deny the allegations therein.

39. Defendants deny the allegations set forth in paragraph 39.

40. The allegations set forth in paragraph 40 constitute conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

**COUNT I**

**Unlawful Arrest and Unreasonable Search and Seizure**
**Brought under 42 U.S.C. §1983**

41. Defendants re-assert and incorporate by reference their responses to paragraphs 1 through 40 as though fully set forth herein.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 42, and therefore deny the allegations therein.

43. Defendants deny the allegations set forth in paragraph 43.

44. Defendants deny the allegations set forth in paragraph 44.

45. Defendants admit that Plaintiff's gun was removed from the holster, Plaintiff was transported to police headquarters and transported to 700 Ventura Place. Defendants deny the remaining allegations set forth in paragraph 45.

46. Defendants deny the allegations set forth in paragraph 46.

47. Defendants deny the allegations set forth in paragraph 47.

48. Defendants deny the allegations set forth in paragraph 48.

49. Defendants deny the allegations set forth in paragraph 49.

**COUNT III**

**Failure to Properly Train & Supervise**
**Brought under 42 U.S.C. §1983**

50. Defendants re-assert and incorporate by reference their responses to paragraphs 1 through 49 as though fully set forth herein.

51. Defendants deny the allegations set forth in paragraph 51.

52. Defendants deny the allegations set forth in paragraph 52.

53. Defendants deny the allegations set forth in paragraph 53.

54. Defendants deny the allegations set forth in paragraph 54.

55. Defendants deny the allegations set forth in paragraph 55.

56. Defendants deny the allegations set forth in paragraph 56.

57. Defendants deny the allegations set forth in paragraph 57.

**AFFIRMATIVE DEFENSES**

As separate, distinct and affirmative defenses to the Complaint on file herein, and to each cause of action, Defendants allege as follows:

/ / /

**I**

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendants.

**II**

Defendants acted in good faith and with a reasonable belief that their conduct was lawful and necessary.

**III**

Defendants are not liable for punitive damages.

**IV**

Defendants are not liable for injuries resulting from acts or omissions which were an exercise of discretion in the absence of a statute declaring such liability.

**V**

Defendants are not liable while acting within the scope of their duties for injuries resulting from judicial or administrative proceedings.

**VI**

Defendants are not liable for the execution or enforcement of the California Penal Code where due care is exercised.

**VII**

Defendants are not liable for violation of the Plaintiff's civil rights in that the alleged wrongful acts were not under color of any statute, ordinance, regulation, custom or usage of the City of San Diego.

**VIII**

At the time of the contact, Defendants attempted to persuade Plaintiff to follow directions and in doing so, only used force necessary for the occasion.

**IX**

Plaintiff himself was negligent in and about the matters alleged in the Complaint and said carelessness on his own part proximately contributed to the happening of the alleged incident, injuries and damages complained of, if any such exist.

**X**

Defendants were at all times alleged in the Complaint performing duties required by law under conditions required by law.

**XI**

Any and all acts of Defendants at or near the time alleged in the Complaint were reasonable and said Defendants had reasonable cause to act in the manner they did.

**XII**

At the time of the initial contact, Defendants were acting within the scope of their employment and had probable cause to believe Plaintiff was engaging in, or had just engaged in, a prohibited activity. During the contact, Defendants were acting within the scope of their employment and had probable cause to believe that said Plaintiff had committed either a felony or misdemeanor in their presence, and also that Plaintiff presented a danger to both the officers and to others.

**XIII**

The conduct in question did not constitute a violation of a federally protected right.

**XIV**

Defendants are immune from liability pursuant to the doctrine of qualified immunity.

**XV**

Defendants are immune from liability pursuant to the provisions of Government Code Sections 820.2, 820.4, 820.6, 821.6 and 856(a)(1).

**XVI**

Defendants are not liable pursuant to Government Code section 815.2(b) and Penal Code section 847 in that the detention and arrest were lawful.

**XVII**

Pursuant to California Penal Code section 836 and 836.5, Defendants are immune from liability for false arrest.

/ / /

/ / /

**XVIII**

Defendants reserve the right to amend the answer if and when additional affirmative defenses are discovered.

WHEREFORE, these answering Defendants pray judgment as follows:

1. Plaintiff take nothing by his Complaint;
2. Defendants receive their costs of suit incurred herein; and
3. Such other relief as the court deems proper.

Dated: December 10, 2009

JAN I. GOLDSMITH, City Attorney

By /s/ Jane M. Boardman
Jane M. Boardman
Deputy City Attorney

Attorneys for Defendants City of San Diego, San Diego Police Department, Police Chief William Lansdowne, Sgt. David Kries and Police Officer Troy White