JAN I. GOLDSMITH, City Attorney
DONALD WORLEY, Assistant City Attorney
JANE M. BOARDMAN, Deputy City Attorney
California State Bar No. 241799
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone:  (619) 533-5800
    Facsimile:   (619) 533-5856

Attorneys for Defendants City of San Diego,
San Diego Police Department, Police Chief
William Lansdowne, Sgt. David Kries,
Police Officer Troy White and Police Officer
Jody Knisley

Exempt from fees per Gov't Code § 6103
To the benefit of the City of San Diego

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL PATRICK WOLANYK, an individual,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY OF SAN DIEGO, a municipal entity, SAN DIEGO POLICE DEPARTMENT, WILLIAM LANSDOWNE, an individual, DAVID KRIES, an individual, JODY KNISELY, an individual, TROY WHITE, an individual, and Does 1-10, inclusive,<br><br>        Defendants. | Case No.  3:09-cv-02279-WQH-NLS<br><br>**ANSWER OF DEFENDANT POLICE OFFICER JODY KNISLEY TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Courtroom 4, Fourth Floor<br>Magistrate Judge: Hon. Nita L. Stormes<br>Judge:   Hon. William Q. Hayes |

    Pursuant to Federal Rule of Civil Procedure 38(b), Police Officer JODY KNISLEY, ("Defendant"), hereby demands trial by jury for all issues, and answers Plaintiff's Complaint as follows:

/ / /

/ / /

/ / /

/ / /

## THE PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 1, and therefore denies the allegations therein.

2. Defendant admits the allegations set forth in paragraph 2.

3. Defendant admits that Police Chief William Lansdowne is the Chief of Police of the San Diego Police Department, however is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 3, and therefore denies the allegations therein.

4. Defendant admits that Sergeant David Kries is employed as a police officer for the San Diego Police Department, however is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 4, and therefore denies the allegations therein.

5. Defendant admits that Troy White is employed as a police officer for the San Diego Police Department, however is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 5, and therefore denies the allegations therein.

6. Defendant denies the allegations set forth in paragraph 6.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 7, and therefore denies the allegations therein.

## JURISDICTION AND VENUE

8. Defendant admits this Court has jurisdiction.

9. Defendant admits this Court has venue.

## STATEMENT OF FACTS

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 10, and therefore denies the allegations therein.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 11, and therefore denies the allegations therein.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 12, and therefore denies the allegations therein.

13. Defendant admits that Defendants Knisley and White responded to a radio call of a man carrying a gun.

14. Defendant admits that when he arrived he observed Plaintiff wearing a gun in a holster. Defendant denies that he knew the gun was unloaded upon arrival at Plaintiff's location.

15. Defendant admits that he exited his patrol vehicle, drew his weapon and ordered Plaintiff to put his hands up.

16. Defendant admits that eventually Plaintiff complied with his and Officer White's orders.

17. Defendant admits that Plaintiff was ordered to get on his knees and put his hands on the back of his head.

18. Defendant admits the allegations set forth in paragraph 18.

19. Defendant admits that he placed handcuffs on Plaintiff. Defendant denies the remaining averments set forth in paragraph 19.

20. Defendant admits that Defendant White's weapon remained out to cover Defendant Knisley while Defendant Knisley holstered his weapon and handcuffed Plaintiff and removed Plaintiff's gun from the holster. Defendant admits that Plaintiff's gun did not have a magazine in it, nor did it have a round in the chamber.

21. Defendant admits that Plaintiff was asked why he was carrying a gun. Defendant denies the remaining averments set forth in paragraph 21.

22. Defendant admits the allegations set forth in paragraph 22.

23. Defendant denies the allegations set forth in paragraph 23.

24. The allegations set forth in paragraph 24 constitute conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

25. Defendant admits the allegations set forth in paragraph 25.

26. Defendant denies that he "revised" Defendant Kries' allegation. Defendant admits that Plaintiff was arrested for Penal Code §12031(A)(1). The remaining allegations set forth in paragraph 26 constitute conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

27. Defendant denies that they were inadequately trained or instructed. The remaining allegations set forth in paragraph 27 constitute conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

28. Defendant admits that Plaintiff was in possession of a firearm, a holster, a belt, one magazine loaded with 13 hollow point rounds and one magazine loaded with 8 hollow point rounds and that all items were on his person. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 28, and therefore deny the allegations therein.

29. Defendant denies the allegations set forth in paragraph 29.

30. Defendant admits that Plaintiff was handcuffed at City of San Diego Police Department Headquarters. Defendant denies the remaining allegations set forth in paragraph 30.

31. Defendant admits that Plaintiff was handcuffed at City of San Diego Police Department Headquarters. Defendant admits that Plaintiff was advised that he would not be booked. Defendant denies the remaining allegations set forth in paragraph 31.

32. Defendant admits that he removed Plaintiff's handcuffs and drove Plaintiff to 700 Ventura Place. Defendant denies the remaining averments set forth in paragraph 32.

1
2
3

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 33, and therefore denies the allegations therein.

4

34. Defendant admits the allegations set forth in paragraph 34.

5

35. Defendant denies the allegations set forth in paragraph 35.

6

36. Defendant denies the allegations set forth in paragraph 36.

7

37. Defendant denies the allegations set forth in paragraph 37.

8
9
10

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 38, and therefore denies the allegations therein.

11
12
13

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 39, and therefore denies the allegations therein.

14
15
16

40. The allegations set forth in paragraph 40 constitute conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

17

**COUNT I**

18
19

**Unlawful Arrest and Unreasonable Search and Seizure
Brought under 42 U.S.C. §1983**

20
21

41. Defendant re-asserts and incorporates by reference his responses to paragraphs 1 through 40 as though fully set forth herein.

22
23
24

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 42, and therefore denies the allegations therein.

25

43. Defendant denies the allegations set forth in paragraph 43.

26

44. Defendant denies the allegations set forth in paragraph 44.

27
28

45. Defendant admits that Plaintiff's gun was removed from the holster, Plaintiff was transported to police headquarters and transported to 700 Ventura Place. Defendant denies the remaining allegations set forth in paragraph 45.

46. Defendant denies the allegations set forth in paragraph 46.

47. Defendant denies the allegations set forth in paragraph 47.

48. Defendant denies the allegations set forth in paragraph 48.

49. Defendant denies the allegations set forth in paragraph 49.

## COUNT III

### Failure to Properly Train & Supervise
### Brought under 42 U.S.C. §1983

50. Defendant re-asserts and incorporates by reference his responses to paragraphs 1 through 49 as though fully set forth herein.

51. Defendant denies the allegations set forth in paragraph 51.

52. Defendant denies the allegations set forth in paragraph 52.

53. Defendant denies the allegations set forth in paragraph 53.

54. Defendant denies the allegations set forth in paragraph 54.

55. Defendant denies the allegations set forth in paragraph 55.

56. Defendant denies the allegations set forth in paragraph 56.

57. Defendant denies the allegations set forth in paragraph 57.

## AFFIRMATIVE DEFENSES

As separate, distinct and affirmative defenses to the Complaint on file herein, and to each cause of action, Defendant alleges as follows:

### I

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

### II

Defendant acted in good faith and with a reasonable belief that his conduct was lawful and necessary.

### III

Defendant is not liable for punitive damages.

### IV

Defendant is not liable for injuries resulting from acts or omissions which were an exercise of discretion in the absence of a statute declaring such liability.

### V

Defendant is not liable while acting within the scope of his duties for injuries resulting from judicial or administrative proceedings.

### VI

Defendant is not liable for the execution or enforcement of the California Penal Code where due care is exercised.

### VII

Defendant is not liable for violation of the Plaintiff's civil rights in that the alleged wrongful acts were not under color of any statute, ordinance, regulation, custom or usage of the City of San Diego.

### VIII

At the time of the contact, Defendant attempted to persuade Plaintiff to follow directions and in doing so, only used force necessary for the occasion.

### IX

Plaintiff himself was negligent in and about the matters alleged in the Complaint and said carelessness on his own part proximately contributed to the happening of the alleged incident, injuries and damages complained of, if any such exist.

### X

Defendant was at all times alleged in the Complaint performing duties required by law under conditions required by law.

### XI

Any and all acts of Defendant at or near the time alleged in the Complaint were reasonable and said Defendant had reasonable cause to act in the manner he did.

### XII

At the time of the initial contact, Defendant was acting within the scope of his employment and had probable cause to believe Plaintiff was engaging in, or had just engaged in, a prohibited activity. During the contact, Defendant was acting within the scope of his employment and had probable cause to believe that said Plaintiff had committed either a felony or misdemeanor in his presence, and also that Plaintiff presented a danger to both the officers and to others.

### XIII

The conduct in question did not constitute a violation of a federally protected right.

### XIV

Defendant is immune from liability pursuant to the doctrine of qualified immunity.

### XV

Defendant is immune from liability pursuant to the provisions of Government Code Sections 820.2, 820.4, 820.6, 821.6 and 856(a)(1).

### XVI

Defendant is not liable pursuant to Government Code section 815.2(b) and Penal Code section 847 in that the detention and arrest were lawful.

### XVII

Pursuant to California Penal Code section 836 and 836.5, Defendant is immune from liability for false arrest.

### XVIII

Defendant reserves the right to amend the answer if and when additional affirmative defenses are discovered.

WHEREFORE, this answering Defendant prays judgment as follows:

1. Plaintiff take nothing by his Complaint;

2. Defendant receive his costs of suit incurred herein; and

3. Such other relief as the court deems proper.

Dated:  May 6, 2010                                JAN I. GOLDSMITH, City Attorney


By   /s/ Jane M. Boardman
    Jane M. Boardman
    Deputy City Attorney

Attorneys for Defendants City of San Diego, San Diego Police Department, Police Chief William Lansdowne, Sgt. David Kries, Police Officer Troy White, and Police Officer Jody Knisley