## SETTLEMENT AND RELEASE AGREEMENT

1.  **PARTIES**: The Parties to this Settlement and Release Agreement ("Agreement") are Plaintiff Samuel Wolanyk ("Plaintiff"), Troy White, Jody Knisley, David Kries, William Lansdowne, San Diego Police Department and City of San Diego ("Defendant"). Plaintiff and Defendants are referred to collectively as "the Parties."

2.  **RECITALS**: This Agreement is made with reference to the following facts:

    2.1  Certain disputes and controversies have arisen between Plaintiff and Defendants concerning Plaintiff's arrest at 700 Ventura Place, San Diego California on November 21, 2008 ("incident").

    2.2  Such disputes and controversies include, but are not limited to, the claims, demands, and causes of action set forth in *Samuel Wolanyk v. City of San Diego, et al.*, United States District Court Case No. 09-CV-02279-WQH-NLS.

    2.3  It is the intention of the Parties hereto to settle and dispose of, fully and completely, all of the claims, demands and causes of action at issue in the civil action more fully described above at Paragraph 2.2, including Plaintiff's claims for personal injuries, as well as any and all claims, demands or causes of action heretofore or hereafter arising out of or in any way connected with the incident.

3.  **SETTLEMENT:**

**3.1  Consideration and Release:** In exchange for Defendant City of San Diego's payment to Plaintiff of thirty-five thousand dollars ($35,000) and granting of Plaintiff's Petition to Seal and Destroy Arrest Records pursuant to Penal Code §851.8, Plaintiff promises and agrees to hereby release, remise, and forever discharge Defendants, their agents, employees, representatives, officers, directors, divisions, subsidiaries, affiliates, assigns, successors in interest, shareholders, attorneys, insurers, and adjusters from any and all liability for any damages and losses pertaining to the incident, and which form the basis for the action described in Paragraph 2.2 above, including Plaintiff's claims for personal injuries, and any and all claims, demands, or causes of action heretofore or hereafter arising out of, connected with, or in any way incidental to the incident.

   **3.2  Dismissal:** Also in exchange for Defendant City of San Diego's consideration, Plaintiff promises and agrees to dismiss *with prejudice* his Complaint against all Defendants which is referenced in Paragraph 2.2 above.

   **3.3  Legal Fees and Costs:** The Parties to this Agreement agree that this payment includes Plaintiff's legal fees and other expenses relating to the litigation of the civil action more fully described at Paragraph 2.2.

4. **RELEASE; WAIVER OF CIVIL CODE SECTION 1542:** The Parties acknowledge and agree that it is their intention that this Agreement shall be effective as a full and final settlement of, and as a bar to, each and every claim, demand, and cause of action in any way relating to incident. The Parties further acknowledge that they are aware that they may, after the signing of this Agreement, discover facts different from or in addition to the facts that they now know or believe to be true with respect to the incident, the civil action described in Paragraph 2.2, and this Agreement, but that it is nevertheless their intention to fully, finally, absolutely and forever settle any and all claims, disputes and differences between the Parties.

In furtherance of this intention, Plaintiff expressly, knowingly and voluntarily *waives* any and all rights and benefits conferred upon him by the provisions of California Civil Code section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

5. **SATISFACTION OF LIENS; AGREEMENT TO HOLD DEFENDANTS HARMLESS FROM LIABILITY FOR LIENS:** Plaintiff agrees to be responsible for satisfying any and all liens, including, but not limited to, attorney liens, hospital liens, medical liens, Medicare liens and State Disability liens arising out of the incident, and the civil action more fully described at Paragraph 2.2. Plaintiff further agrees to indemnify and hold harmless Defendants from any and all liability for losses, damages, attorneys' fees, and other costs and expense relating to any lien or other such claim arising out of or in any connected with the incident.

6. **NO ADMISSION OF LIABILITY:** This Agreement affects the settlement of claims which are denied and contested, and nothing contained herein shall be construed as an admission by any Party hereto of any liability of any kind to any other Party.

7. **REPRESENTATIONS AND WARRANTIES:** Each of the Parties to this Agreement represents and warrants to, and agrees with, each other Party hereto as follows:

    7.1  No Party (nor any officer, agent, employee, representative, insurer, or attorney of or for any Party) has made any statement or representation to any other Party regarding any fact relied upon in entering into this Agreement, and each Party does not rely upon any statement, representation, or promise of any other Party (or of any officer, agent, partner, employee, representative, insurer, or attorney for any other Party) in executing this Agreement, or in making the settlement provided for herein, *except* as expressly stated in this Agreement.

**7.2** Each Party to this Agreement has made such investigation of the facts pertaining to this settlement and this Agreement, and of all the matters pertaining thereto, as he/it deems necessary.

**7.3** Each Party is aware that he/it may hereafter discover claims or facts in addition to or different from those she/it now knows or believes to be true with respect to any matter. Nevertheless, it is the intention of the Parties to fully, finally and forever settle and release all matters, and all claims relative thereto, which do now exist, may exist, or heretofore have existed in regard to the incident, including Plaintiff's claims for personal injuries arising therefrom. In furtherance of such intention, the release given herein shall be and remain in effect as a full and complete release of all such matters notwithstanding the discovery or existence of any additional or different claims or facts relative thereto.

**7.4** Each Party has had the opportunity to seek independent legal advice from his/its attorney(s) with respect to the advisability of making the settlement provided for herein, with respect to the advisability of executing this Agreement, and with respect to the meaning of California Civil Code section 1542.

**8.   MISCELLANEOUS:**

**8.1** This Agreement shall be deemed to have been executed and delivered within the State of California, and the rights and obligations of the Parties hereto shall be construed and enforced in accordance with, and governed by, the laws of the State of California, without regard to choice of law rules. In the event of any later claims or litigation relating to the incident, the matter described in Paragraph 2.2, or the interpretation or enforcement of this Agreement, jurisdiction will be exclusively within the State of California.

**8.2** This Agreement is the entire Agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. This Agreement may be amended and/or modified only by a written agreement executed by all Parties to this Agreement.

**8.3** In the event of litigation or arbitration relating to this Agreement, the prevailing Party shall be entitled to recover reasonable attorneys' fees and costs.

**8.4** In the event that any portion of this Agreement is adjudged to be void or unenforceable by a court of competent jurisdiction, the same shall be severable from the remainder of the Agreement.

**8.5** This Agreement is binding upon and shall inure to the benefit of the Parties hereto, their respective agents, employees, representatives, partners, officers, directors, divisions, subsidiaries, affiliates, assigns, heirs, successors in interest, shareholders, attorneys, insurers, and adjusters.

**8.6** Each term of this Agreement is contractual and not merely a recital. Each Party has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against any Party.

**8.7** This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

**8.8** A signed copy of this Agreement transmitted by facsimile machine will have the same force and effect as an original signature.

**8.9** This Agreement consists of four (4) pages, and is made and entered into on the dates indicated below.

Dated: _____, 2010

SAMUEL WOLANYK

Dated: 9/15, 2010

CITY OF SAN DIEGO,
By: _____
KRIS GRIFFIN, City of San Diego

**APPROVED AS TO FORM:**

Dated: 9/9/, 2010

DAVIS & ASSOCIATES,
By: _____
Jason A. Davis, Esq.
Attorney for Plaintiff Samuel Wolanyk

Dated: 9/14, 2010

JAN I. GOLDSMITH, City Attorney

By: _____
Jane M. Boardman, Deputy City Attorney
Attorneys for Defendant
City of San Diego

4

  **8.6** Each term of this Agreement is contractual and not merely a recital. Each Party has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against any Party.

  **8.7** This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

  **8.8** A signed copy of this Agreement transmitted by facsimile machine will have the same force and effect as an original signature.

  **8.9** This Agreement consists of four (4) pages, and is made and entered into on the dates indicated below.

Dated: 9/9, 2010

_____
SAMUEL WOLANYK

CITY OF SAN DIEGO,

Dated: _____, 2010

By:_____
KRIS GRIFFIN, City of San Diego

**APPROVED AS TO FORM:**

Dated: _____, 2010

DAVIS & ASSOCIATES,

By:_____
Jason A. Davis, Esq.
Attorney for Plaintiff Samuel Wolanyk

Dated: _____, 2010

JAN I. GOLDSMITH, City Attorney

By:_____
Jane M. Boardman, Deputy City Attorney
Attorneys for Defendant
City of San Diego